Filed 2/10/21  P. v. Martin CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOEL MARTIN,<br><br>        Defendant and Appellant. | B306008<br><br>(Los Angeles County<br>Super. Ct. No. KA089862) |

THE COURT:

Appellant and petitioner Joel Martin (defendant) appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues.  On October 27, 2020, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

brief or letter stating any grounds or argument he might wish to have considered. Because defendant's appeal is from an order denying post-conviction relief, he is not entitled to our independent review of the record. (See *People v. Cole* (2020) 52 Cal.App.5th 1028, 1038-1039, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, as defendant has filed a supplemental brief, he is entitled to our evaluation of the arguments presented in that brief. (See *People v. Cole*, *supra*, at p. 1040.) We have done so, and affirm the order.

## BACKGROUND

In 2010, defendant was charged with murder in the shooting death of Carlos Espinoza (Espinoza), in violation of section 187, subdivision (a). The information alleged pursuant to section 12022.53, subdivisions (b), (c), and (d), that defendant personally used a firearm in the commission of the crime and that he personally and intentionally discharged the firearm, causing the victim's death.[2] A jury convicted defendant of second degree murder, but deadlocked on the firearm allegations, and after declaring a mistrial, a second trial was held solely as to those allegations. The second jury found the allegations to be true. (*Martin I*, *supra*, B232642 at p. 2.) Defendant was sentenced to 15 years to life for the murder and a consecutive term of 25 years to life under section 12022.53, subdivision (d) for his use of a firearm causing death. Terms for the remaining firearm enhancements were imposed and stayed. (*Ibid.*)

---

[2] To the extent necessary, we consider the facts and procedure set forth in our opinion in *People v. Martin* (B232642, February 6, 2013 [nonpub. opn.]), *Martin I.*, affirming the judgment entered against defendant.

The evidence at the first trial showed that two men pulled up in a van close to Espinoza and a friend. The passenger pulled out a gun, asked, "You Carlos?" When Espinoza acknowledged he was, the passenger said, "Fuck you, Carlos," and fired his weapon at Espinoza five times. Before Espinoza died, he told investigators that he knew the shooter from the neighborhood as "Huero." After a two-year search, defendant was found living in New Mexico, detained, and interviewed. Defendant admitted that his nickname was "Huero" and that he shot Espinoza. (*Martin I, supra*, B232642 at pp. 3-4.) The same evidence was presented at the second trial, after which the jury found the firearm allegations to be true. (*Id*. at p. 4.)

In March 2020, defendant filed a petition for resentencing pursuant to section 1170.95, alleging that defendant was convicted of murder under the felony murder rule or the natural and probable consequences doctrine, and could not be convicted today under the amendments to sections 188 and 189. The trial court summarily denied the petition on April 8, 2020, based upon the first jury's verdict of second degree murder and the second jury's finding that defendant personally used and discharged a firearm in the commission of the murder, causing death. Defendant filed a timely notice of appeal from the order.

## DISCUSSION

In his supplemental brief on appeal, defendant argues that the trial court erred in considering the preliminary hearing transcript instead of the trial transcript. Though the trial court did not indicate specifically what documents the court reviewed, it does not appear from the record that the court relied on the preliminary hearing transcript. There is no explanation for the

3

reason the superior court clerk included the preliminary hearing transcript in the record on appeal.

Defendant also contends that the jury would not have convicted him of second degree murder if it had determined that he was the actual killer, but would instead have found him guilty of first degree murder. We disagree. An actual killer is guilty of murder of the first degree if it was proved that the killing was willful, deliberate, and premeditated, or committed in the perpetration of or attempt to perpetrate certain crimes not relevant here. (See § 189, subd. (a).) When the evidence is insufficient to establish deliberation and premeditation, but "'there is manifested an intention unlawfully to kill a human being,'" the actual killer is guilty of second degree murder. (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 642, quoting *People v. Swain* (1996) 12 Cal.4th 593, 601; see § 189, subd. (b).) Second degree murder may be based upon a finding of "implied malice"; that is, the intent to kill is implied when the defendant commits an act, the natural consequences of which are dangerous to life, knowing that his act endangers the life of another and acts with conscious disregard for life. (*People v. Soto* (2018) 4 Cal.5th 968, 974.)[3]

---

[3] Defendant apparently confuses implied malice murder with the natural and probable consequences doctrine, although the two theories are different. Under the natural and probable consequence doctrine an aider and abettor of an intended lesser crime could be found guilty of a more serious but unintended crime committed by an accomplice, if the more serious crime was the natural and probable consequences of the intended crime. (See *People v. Chiu* (2014) 59 Cal.4th 155, 161.) Following the 2018 amendments to section 188 and 189 enacted by Senate Bill 1437, in order to convict a person of murder, he or she must be

4

When a defendant is convicted of second degree murder, a finding that the he personally and intentionally used a firearm to commit the crime supports a further finding that the defendant was an "actual killer." Since the changes to sections 188 and 189 are inapplicable to the actual killer, such a person is ineligible for resentencing under section 1170.95. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), review granted Mar. 18, 2020, S260410.) Defendant argues that the first jury *rejected* the firearm allegations, suggesting a finding that he was not the actual shooter, but an aider and abettor of the actual shooter. However, the first jury did not reject the firearm allegations, but was unable to reach a unanimous decision. The second jury, after hearing the evidence, unanimously found, beyond a reasonable doubt, that defendant had used a firearm to murder the victim.

A court may properly look to the record of conviction to determine whether a defendant is eligible for relief under section 1170.95, or whether he is ineligible as a matter of law. As the record of conviction in this case showed that defendant was ineligible for section 1170.95 relief as a matter of law, the court did not err in summarily denying the petition. (See *Cornelius*, *supra*, 44 Cal.App.5th 54 at pp. 57-58; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328-330, review granted Mar. 18, 2020, S260493.)

---

shown to have harbored an express or implied intent to kill, which may imputed only if the person was a major participant in the underlying felony and acted with reckless indifference to human life. (See § 189, subd. (e); Stats. 2018, ch. 1015, § 2.)

## DISPOSITION

The order denying the petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P.J.          ASHMMAN-GERST, J.          CHAVEZ , J.